UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES DENNIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :       3:20-cv-01118 (VLB) |
| | : |
| CORRECTIONS OFFICER EASON,<br>    Defendant. | :<br>: |

## INITIAL REVIEW ORDER

Plaintiff James Dennis, who is now a sentenced inmate[1] confined within the custody of the State of Connecticut Department of Correction ("DOC"), brought this action under 42 U.S.C. § 1983 against Corrections Officer Eason for violation of his constitutional rights while he was a pretrial detainee at Bridgeport Correctional Center ("BCC"). Compl. [ECF No. 1].[2]  He seeks damages and unspecified declaratory relief.[3]

### I.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a]

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).  Plaintiff was sentenced on May 22, 2019 to 20 years' imprisonment for violation of Conn. Gen. Stat. 53a-55, Manslaughter in the First Degree, where "under circumstances evincing an extreme indifference to human life, he recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] the death of another person."   This conviction was after his arrest on February 9, 2016. *See* https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=3c804f75-0f78-4410-af74-d35c81a1f8cf.

[2] Plaintiff is proceeding *in forma pauperis*.   [ECF No. 9].

[3] The Court construes Plaintiff's complaint as asserting claims against Corrections Officer Eason in both his individual and official capacities.

complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*   Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  See *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

II.   **ALLEGATIONS**

On July 16, 2018, while housed at BCC, Plaintiff was confronted by another prisoner, Newton, during the morning recreational hours in the dayroom area. [ECF No. 1 ¶ 1].   Plaintiff asked Corrections Officer Eason, the unit officer for the

morning, to open the dayroom door so that he could remove himself from the situation.  *Id.* ¶ 2.  Eason, who had witnessed the verbal confrontation between Plaintiff and Newton, opened the door for Plaintiff to exit the room.  *Id.* ¶ 3. Shortly thereafter, Corrections Officer Eason opened the dayroom door for Newton, which enabled him to follow Plaintiff and harass him.  *Id.* ¶ 4.

After following Plaintiff, Newton approached and threatened him.  *Id.* ¶ 5. A physical altercation between Newton and Plaintiff ensued.  *Id.*  Although Corrections Officer Eason witnessed the assault on Plaintiff, he chose not to follow DOC procedure by calling a code; instead he opened the dayroom door, allowing other inmates to join Newton in the assault on Plaintiff.  *Id.* ¶ 6.  Corrections Officer Eason permitted the assault for a period of time prior to taking any action. *Id.* ¶ 7.

Shortly after the assault, Plaintiff was taken to the emergency room for treatment of his injuries sustained during the assault.  *Id.* ¶ 8.  The next day, Plaintiff was sent to UCONN Hospital's Ophthalmology Department where he was examined by a healthcare provider.  *Id.* ¶ 9.  Plaintiff was diagnosed with swelling to his left eye and a subconjunctival hematoma.  *Id.* ¶ 10.

On July 27, 2018, Plaintiff submitted an Inmate Request to Deputy Warden Hines regarding this matter and requested preservation of video footage.  *Id.* ¶ 11. He received the response on August 20, 2018, after he was transferred to the New Haven Correctional Center.  *Id.* ¶ 12.  Plaintiff also submitted several other requests regarding the matter, but he only received one response.  *Id.* ¶¶ 13-14.

On October 11, 2018, Plaintiff filed a grievance.  *Id.* ¶ 15.  He also filed several other grievances, but these grievances were answered beyond the required 30-day response deadline.  *Id.* ¶¶ 16-17.  The responses indicated that Plaintiff had not satisfied the time requirements for submitting his grievance.  *Id.* ¶ 17.

Plaintiff indicates that he followed the requirements and submitted the grievances through "the proper channels," but he complains that is "impossible to rectify an issue within the D.O.C., using the grievance system, giv[en] the inadequate time frame within the process."[4]  *Id.* ¶¶ 20, 23.  Finally, Plaintiff asserts further that he was subjected to retaliatory behavior by DOC officials when his grievance was taken from the box and sent to the main office by DOC officials; Plaintiff's grievance was allegedly rejected due to it being sent to the main office, and he was told to start the appeal process over again.[5]  *Id.* ¶ 21; [ECF No. 1-1 at 43, 44, 51].  Plaintiff alleges that DOC and its officials were unprofessional, reckless with procedures, and non-compliant in upholding their policies.  [ECF No. 1 ¶ 25].

III.   DISCUSSION

The PLRA, 42 U.S.C. § 1997e(a), governs actions brought by prison inmates and provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under [§] 1983 ... or any other Federal law, by a prisoner confined

---

[4] Plaintiff's allegations refer to time frames relevant to the Inmate Request and grievances under Administrative Directive 9.6.  *Id.* ¶ 18-19; [ECF No. 1-1 at 33].

[5] Plaintiffs' exhibits indicate that a Correction Counselor sent Plaintiff's grievance directly to the District II office rather than depositing it in the grievance box in accordance with Administrative Directive 9.6(5)(c).  [ECF No. 1-1 at 43, 44, 51].

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The PLRA exhaustion requirement applies to all claims regarding prison life, and it requires exhaustion of any available administrative remedies, regardless of whether they provide the relief the inmate seeks.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  A claim is not exhausted until the inmate complies with all administrative deadlines and procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Informal efforts to put prison officials on notice of inmate concerns do not satisfy the exhaustion requirement.  *See Marcias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007).  If the deadline to file a grievance has passed, an unexhausted claim is barred from federal court.  *See Woodford*, 548 U.S. at 95.  "An 'untimely or otherwise procedurally defective administrative grievance' ... does not constitute proper exhaustion."  *Snyder v. Whittier*, 428 F. App'x 89, 91 (2d Cir. 2011) (quoting *Woodford*, 548 U.S. at 83-84).  It is not sufficient for a plaintiff to exhaust his administrative remedies after filing his complaint; plaintiff must exhaust his administrative remedies prior to filing the action in federal court.  *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516 (2002); *Gulley v. Bujnicki*, No. 3:19-cv-00903 (SRU), 2019 WL 260356, at *3 (D. Conn. June 25, 2019).

While the PLRA mandates exhaustion of administrative remedies, it also requires exhaustion of only those administrative remedies that "are available," and the exhaustion requirement may be excused when the remedy is not available in

practice even if it is "officially on the books."  *Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (quoting Section 1997e(a)); *see also Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (adopting *Ross*'s "framing [of] the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate").

This means that "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  *Ross*, 136 S. Ct. at 1859 (quoting *Booth*, 532 U.S. at 738).  The United States Supreme Court has established three circumstances under which an inmate need not exhaust the administrative procedure as it is deemed unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) when a procedure is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 1859-60.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  However, failure to exhaust administrative remedies is generally raised as an affirmative defense.  *See id.* at 216.  A court may, nevertheless, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that the exhaustion requirement has not been met.  *See*

*Priatno*, 829 F.3d at 122 ("[A] district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.") (citing *Jones*, 549 U.S. at 215).

Claims related to inmate safety are subject to the grievance procedures set forth in DOC Administrative Directive 9.6(6). *See Gulley*, 2019 WL 2603536, at *3 (noting claims related to inmate safety are subject to A.D. 9.6(6)).

The Court sets forth the requirements of Administrative Directive 9.6.[6] Prior to submitting a grievance, Administrative Directive 9.6(6)(A) requires that an inmate attempt to seek informal resolution either verbally with a supervisor/ manager or through an Inmate Request form CN 9601; a response to the inmate "shall be made within 15 business days from receipt of the written request." A.D. 9.6(6)(A). Administrative Directive 9.6(6)(C) provides that the grievance (form CN 9602) "must be filed within 30 calendar days of the occurrence or discovery of the cause of the grievance." A.D. 9.6(6)(C). This provision requires that the grievance (form CN 9602) be submitted with an attached Inmate Request (form CN 9601) containing the response from the DOC official. *Id.* It states further, however, that [i]f the inmate … did not receive a timely response to the inmate request … the inmate shall include an explanation indicating why CN 9601, Inmate Request Form, is not attached." *Id.*

---

[6] **Administrative Directive 9.6 is available on the DOC website at https://portal.ct.gov/DOC/AD/AD-Chapter-9.**

The inmate may appeal the disposition of the Level 1 grievance by the Unit Administrator or the Unit Administrator's failure to dispose of the grievance in a timely manner to Level 2.  A.D. 9.6(6)(G), (K).   The Level 2 appeal of a disposition of a Level 1 grievance must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance.  A.D. 9.6(K).   The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within 65 days from the date the Level 1 grievance was filed by the inmate.   A.D. 9.6(M).

Level 2 appeals of inmates confined in Connecticut correctional facilities are reviewed by the appropriate District Administrator.  A.D. 9.6(6)(K).   Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure or Level 2 appeals to which there has been an untimely response by the District Administrator.  A.D. 9.6(6)(L).   A Level 3 appeal must be filed within five calendar days from the inmate's receipt of the decision on the Level 2 appeal.  *See id.*  A Level 3 appeal of the District Administrator's failure to dispose of the Level 2 appeal in a timely manner must be filed within 35 days of the filing of the Level 2 appeal.  A.D. 9.6(6)(M).   A Level 3 appeal is reviewed by the Commissioner of Correction or his or her designee.   A.D. 9.6(6)(L).

The response to a Level 1, 2, or 3 grievance "shall be in writing within 30 business days" of receipt by the grievance reviewer.   A.D. 9.6(6)(I), (K), (L).

Plaintiff's allegations and his exhibits show that his Level 1 and Level 2 grievances were rejected as untimely.   [ECF No. 1 ¶ 17]; [ECF No. 1-1 at 33, 58].

8

Plaintiff claims that the grievance process was unavailable due to "the inadequate time frame within the process." *Id.* ¶ 20. His allegations indicate that he asserts that the time frames for filing an Inmate Request and a Level 1 Grievance are incompatible and thereby prevented him from filing a timely grievance. *Id.* ¶¶ 18-20].

On this review, the Court discerns no provision in Administrative Directive 9.6 that, on its face, bars an inmate's access to his administrative remedy due to inadequate time frames. *See* A.D. 9.6(6)(C) (providing [i]f the inmate … did not receive a timely response to the inmate request … the inmate shall include an explanation indicating why CN 9601, Inmate Request Form is not attached."). Accordingly, the Administrative Directive 9.6(6) procedures did not preclude Plaintiff from filing a timely grievance even without a timely response to his Inmate Request. The allegations thus appear to acknowledge Plaintiff failed to exhaust his administrative remedies and further that he is not excused from doing so.

## CONCLUSION

Plaintiff admits he failed to exhaust his administrative remedies unjustifiably. Consequently, the case is DISMISSED without prejudice. Plaintiff may file an amended complaint within thirty-five (35) days of the date of this order asserting facts establishing he exhausted his administrative remedies or he was excused from doing so. Should Plaintiff fail to do so before the deadline, the dismissal will be with prejudice and the case will not be reopened.

/s/
**Vanessa L. Bryant**
**United States District Judge**

**SO ORDERED at Hartford, Connecticut this 6th day of October, 2020.**